**HARRIS METHODIST FORT WORTH, Petitioner,**

v.

**Jo Fawn OLLIE, Respondent.**

No. 09–0025.

Supreme Court of Texas.

May 13, 2011.

Gregory P. Blaies, Grant D. Blaies, Blaies & Hightower, L.L.P., Fort Worth, TX, for Harris Methodist Fort Worth.

Jack Gilbert Duffy Jr., Attorney at Law, Haltom City, TX, for Jo Fawn Ollie.

PER CURIAM.

At issue in this appeal is whether a patient's claim against a hospital for injuries suffered when she slipped and fell on a wet bathroom floor during her post-operative confinement constitutes a health care liability claim (HCLC). We hold that it does.

Jo Fawn Ollie underwent total arthroplasty knee replacement surgery at Harris Methodist Hospital. She alleges that during her post-surgery hospitalization she took a bath, slipped on the wet floor while

getting out of the bathtub, and injured her right shoulder. She sued the hospital.

In Ollie's original petition she asserted under a "general negligence theory" that the hospital owed her "the duty to provide a safe environment, maintained properly, so as to not cause harm and/or injury." She claimed that the hospital breached that duty by failing to properly maintain the floor and warn her of the dangerous condition. In a separate part of her pleading, Ollie asserted what she labeled as a "medical malpractice" cause of action based on the same facts as her general negligence claim. In the medical malpractice section of her pleadings, she claimed the hospital breached its duty "by failing to provide a safe environment, maintained properly, so as to not cause harm and/or injury." She alleged that Harris Methodist breached that duty in the same manner as it was generally negligent: by failing to properly maintain the floor and warn her of the dangerous condition. On the day she filed suit Ollie sent the hospital a statutory notice letter. *See* Tex. Civ. Prac. & Rem.Code § 74.051(a). She subsequently amended her petition and omitted the allegations that had been labeled as a medical malpractice claim.

Ollie did not serve an expert report, so the hospital filed a motion to dismiss. *See* Tex. Civ. Prac. & Rem.Code § 74.351(a) (requiring an HCLC claimant to serve an expert report within 120 days of filing suit). The trial court denied the hospital's motion. A divided court of appeals affirmed, concluding that Ollie's claim was for a breach of ordinary care and thus was not an HCLC. 270 S.W.3d 720. The dissenting justice was of the opinion that the claim was an HCLC because Ollie claimed that the hospital's actions departed from

accepted standards of safety and were directly related to actions Harris Methodist took or failed to take during her confinement. 270 S.W.3d 720 (Walker, J., dissenting).

In this Court, the hospital argues that the court of appeals erred (1) in its construction of the definition of an HCLC, and (2) by concluding that Ollie's claim is not an HCLC. Ollie maintains that the court of appeals was correct: her claim is not an HCLC and she was not required to serve an expert report. We disagree with Ollie.

■ In 2003, the Texas Legislature repealed the Texas Medical Liability and Insurance Improvement Act and recodified it in the Texas Civil Practice and Remedies Code as the Texas Medical Liability Act.[1] At that time the definition of "health care liability claim" was amended to add the phrase "or professional or administrative services directly related to health care." As applicable to Ollie's case, an HCLC is

[a] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

Tex. Civ. Prac. & Rem.Code § 74.001(a)(13). "Health care" remained defined as

any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient

---

1. Medical Liability and Insurance Improvement Act, 65th Leg., R.S., ch. 817, 1977 Tex. Gen. Laws 2039, *repealed by* Act of June 2,

2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884 (current version at Tex. Civ. Prac. & Rem.Code §§ 74.001–.507).

during the patient's medical care, treatment, or confinement.

*Id.* § 74.001(a)(10); *see Diversicare v. Rubio,* 185 S.W.3d 842, 847 (Tex.2005) (describing health care as "broadly defined"). The TMLA does not define "safety." *See id.*

In support of its argument that Ollie's claim is an HCLC because it is a claimed departure from accepted standards of safety, Harris Methodist first argues that section 74.001(a)(13) does not require that a safety claim be "directly related to health care." The hospital maintains that the Legislature did not intend to substantively alter the scope of the definition by adding language to section 74.001(a)(13). It proposes we construe the statute to mean that "directly related to health care" modifies only the words "professional or administrative services" and not the word "safety." *See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.09, 2003 Tex. Gen. Laws 847, 864, 884 (current version at TEX. CIV. PRAC. & REM.CODE § 74.001(a)(13)). The hospital further asserts that even if the statute requires that safety claims be directly related to health care to be HCLCs, Ollie's claim is so related. We agree that Ollie's claim is directly related to health care and is an HCLC.[2]

In determining whether a claim falls within the scope of section 74.001(a)(13), courts are not bound by the form of the pleading. *See Yamada v. Friend,* 335 S.W.3d 192, 196 (Tex.2010); *Diversicare,* 185 S.W.3d at 847; *Garland Cmty. Hosp. v. Rose,* 156 S.W.3d 541, 543–44 (Tex.2004). Rather, the underlying nature of the claim determines whether it is an HCLC, and the statutory requirements cannot be circumvented by artful pleading. *Yamada,* 335 S.W.3d at 196. Thus, it is

the underlying nature of Ollie's claim that determines whether the claim is for a departure from accepted standards of safety relating to "an act ... that should have been performed or furnished by [Harris Methodist] for, to, or on behalf of [Ollie] during [Ollie's] medical care, treatment, or confinement." *See* TEX. CIV. PRAC. & REM. CODE § 74.001(a)(10), (13). And services a hospital provides its patients necessarily include those services required to meet patients' fundamental needs such as cleanliness—whether that cleanliness is obtained by means of hospital employees cleaning or bathing the patient, or by providing means for the patient to do so herself—and safety.

The essence of Ollie's claim centers on the failure of Harris Methodist to act with a proper degree of care to furnish a dry floor, warn her of the hazards of a wet bathroom floor, or some similar failure to act. *See Garland,* 156 S.W.3d at 543–44 (explaining that the Court is not bound by the manner in which the plaintiff's pleadings characterize the claim in determining whether the claim is an HCLC). Ollie's pleadings show that her action is a safety claim directly related to services meeting her fundamental needs. The claim falls within the statutory definition of an HCLC and she was required to serve an expert report. *See* TEX. CIV. PRAC. & REM.CODE § 74.001(a)(13).

Because Ollie was required to, but did not, serve an expert report, the trial court should have dismissed her claim. The court of appeals erred in holding otherwise.

Harris Methodist requested its attorney's fees and costs in the trial court pursuant to Texas Civil Practice and

---

2. Because we agree with Harris Methodist that Ollie's safety claim is directly related to health care, we need not address here wheth-

er safety claims must be so related to fall within the definition of an HCLC. *See* TEX. CIV. PRAC. & REM.CODE § 74.001(a)(10), (13).

Remedies Code section 74.351(b)(1). Accordingly, we reverse the court of appeals' judgment and remand the case to the trial court with instructions to dismiss Ollie's claims against Harris Methodist and consider the hospital's request for attorney's fees and costs.