

# NUMBER 13-10-00633-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**HEALTH CARE UNLIMITED, INC.,**
**JOSEPH RAMON III, AND TERESA SOTO,**                    **Appellants,**

**v.**

**AIDA TORRES SOTO,**                                      **Appellee.**

---

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Rodriguez

This appeal involves the injuries sustained by appellee Aida Torres Soto when she was hit by a truck while crossing the street under the supervision of appellant Teresa Soto, an employee of appellants Health Care Unlimited, Inc. (HCU) and Joseph Ramon, III. Appellants challenge the trial court's denial of their motion to dismiss for failure to

serve an expert report as required for health care liability claims. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a)-(b) (West 2011). The sole issue before this Court is whether the trial court erred in failing to dismiss the case for appellee's failure to provide an expert medical report because appellee's claims are health care liability claims as a matter of law under chapter 74 of the civil practice and remedies code. *See id.* § 74.001(a)(13) (West 2011). We reverse and render, in part, and reverse and remand, in part.

## I. BACKGROUND

Appellee received services from HCU through the Texas Department of Aging and Disability's Community Based Alternatives Program. Through that program, HCU sends a representative to the patient's home where a variety of services are rendered. Appellant Soto rendered those services for appellee at her home in McAllen, Texas, by caring for appellee's medical and daily needs. On February 21, 2009, appellee, assisted by Soto, was returning home from a shopping trip when both were hit by a truck driven by Antelmo Linon as they crossed the road.[1]

Appellee sued Soto for negligence and sued HCU and Ramon, the owner of HCU, for vicarious liability and negligence in hiring, supervising, and training Soto. Appellants moved to dismiss the suit based on appellee's failure to provide an expert medical report within 120 days of filing the suit. *See id.* § 74.351(a)-(b). The trial court denied appellants' motion to dismiss, and this accelerated interlocutory appeal followed. *See id.* § 51.014(a)(9) (West 2008).

---

[1] Linon is not a party to the lawsuit.

2

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Whether a claim is a health care liability claim under section 74.351 is a question of law, which this Court reviews de novo. *Tesoro v. Alvarez*, 281 S.W.3d 654, 656 (Tex. App.—Corpus Christi 2009, no pet.); *Gomez v. Matey*, 55 S.W.3d 732, 735 (Tex. App.—Corpus Christi 2001, no pet.). A health care liability claim is defined as:

> [A] cause of action against a health care provider . . . for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13).

When determining whether a claim is a health care liability claim, "courts are not bound by the form of the pleading." *Harris Methodist Fort Worth v. Ollie*, No. 09-0025, 2011 WL 1820880, at *2 (Tex. May 13, 2011); *see Yamada v. Friend*, 335 S.W.3d 192, 195-196 (Tex. 2010). It is the gravamen of the claim that determines whether the claim is for a departure from accepted standards of safety. *Ollie*, 2011 WL 1820880, at *2. "[I]f the act or omission that gave rise to the claim is so integral to the rendition of medical services by the provider to be an inseparable part of those services, it constitutes a breach of the standard of care." *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 849 (Tex. 2005). "Services that a [health care provider] provides its patients necessarily include those services required to meet patients' fundamental needs . . . and safety." *Ollie*, 2011 WL 1820880, at *2. Finally, whether expert medical testimony is necessary "may also be an important factor in determining whether a cause of action is an inseparable part of the rendition of medical or health care services." *Diversicare*, 185

3

S.W.3d at 848.

## III.  DISCUSSION

By their sole issue, appellants argue that the trial court erred in denying their motion to dismiss the case for appellee's failure to provide an expert report because appellee's claims are health care liability claims under chapter 74 of the civil practice and remedies code.  *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001(a)(13), 74.351(a)-(b). We agree.  We will analyze in turn each claim made by appellee—that (1) HCU and Ramon were negligent in hiring, supervising, and training of Soto; (2) Soto was negligent in failing to look after the safety of appellee; and (3) HCU and Ramon are vicariously liable for the acts or omissions of Soto—to determine if they are health care liability claims under the law.[2]

### A.  HCU and Ramon Were Negligent in Hiring, Supervising, and Training

Appellee argues that this is not a health care liability claim because HCU and Ramon were merely ordinarily negligent in hiring, supervising, and training Soto. However, the negligent hiring, supervising, and training of health care employees constitutes a deviation from the accepted standards of health care and safety.  *See Marks v. St. Lukes Episcopal Hosp.*, 319 S.W.3d 658, 661-62.  Moreover, it is not within the common knowledge of the average person "to determine the appropriate . . . training[]

---

[2] We note at the outset that, for the first time at oral argument, appellee challenged appellants' status as health care providers.  We are not persuaded by appellee's late challenge to this element.  For purposes of section 74.001, a "health care institution[]," includes "a home and community support services agency."  TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(12)(A)(vii), (11)(E) (West 2011).  The record indicates that HCU provides health care services in patients' homes through the Texas Department of Aging and Disability's Community Based Alternatives Program.  What's more, appellee states in her pleading that HCU is "a business that specializes in home health care . . . ."  Thus, we conclude that HCU is a health care institution as defined by the statute.  *See Valley Baptist Med. Ctr. v. Azua*, 198 S.W.3d 810, 814 (Tex. App.—Corpus Christi 2006, no pet.).

and certifications of medical professionals necessary to care for and protect patients . . . ." *Diversicare*, 185 S.W.3d at 851; *see NCED Mental Health, Inc. v. Kidd*, 214 S.W.3d 28, 34 (Tex. App.—El Paso 2006, no pet.). Thus, expert medical testimony may be necessary for appellee's negligent hiring, supervision, and training claim. *See Diversicare*, 185 S.W.3d at 848 (explaining that one factor in determining if a claim is a health care liability claim is whether expert medical testimony is necessary). We conclude that appellee's negligent hiring, supervising, and training claim is a health care liability claim.

## B. Soto Was Negligent

Next, appellee argues that Soto was negligent in failing to look after the safety and security of appellee. More specifically, appellee argues that Soto's negligence in allowing appellee to cross a busy street and failing to look for traffic is an ordinary negligence claim and does not involve medical care, treatment, or confinement that implicates chapter 74.

However, it is the gravamen of a plaintiff's claim that determines whether she is alleging a departure from accepted standards of safety, and "courts are not bound by the form of the pleading." *Ollie*, 2011 WL 1820880, at *2; *see Yamada*, 335 S.W.3d at 196. The underlying nature of appellee's claim is that Soto, as a health caregiver, departed from accepted standards of safety by failing to protect appellee, an elderly woman, from the dangerous situation posed by crossing a busy street on foot. When home health and other community based services are being provided to patients who need assistance with almost every aspect of their lives, the supervision of patients is an inseparable part of

5

those services. *See Diversicare*, 185 S.W.3d at 851; *see also Educare Community Living—Texas Living Centers, Inc. v. Celedon*, No. 13-08-00416-CV, 2009 WL 3210950, at *3 (Tex. App.—Corpus Christi Oct. 8, 2009) (mem. op.) (holding that appellant's claim that health care facility was negligent in not locking shed was "artful pleading" and was really a challenge to the standards of safety at the facility and was a health care liability claim). "And services a [health care provider] provides its patients necessarily include those services required to meet patients' fundamental needs such as . . . safety." *Ollie*, 2011 WL 1820880, at *2; *see Omaha Healthcare Center, LLC v. Johnson*, No. 08-0231, 2011 WL 2586851, at *2 (Tex. July 1, 2011) ("'[H]ealth care' involves more than acts of physical care and medical diagnosis and treatment. It involves '*any act* performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's ... confinement.'" (emphasis in original)) (citations omitted). Relevant to this case, when a patient claims that the health care provider was negligent in failing to properly care for the patient's safety, those claims are health care liability claims. *See Oak Park, Inc. v. Harrison*, 206 S.W.3d 133 (Tex. App.—Eastland 2006, no pet.) (claims that health care provider was negligent in failing to supervise patients and care for patient's safety made by patient at inpatient drug rehabilitation facility were health care liability claims); *see also Omaha Healthcare*, 2011 WL 2586851, at *2 (holding that the plaintiff's negligence claim arising from a spider bite she received as a patient in a nursing home was a health care liability claim because it alleged a failure "to take appropriate actions to protect [the plaintiff] from danger or harm"); *Celedon*, 2009 WL 3210950, at *3. Here, the gravamen of appellee's claim is

6

that Soto was negligent for both failing to provide for appellee's safety and for failing to supervise appellee properly. We therefore conclude that appellee's claim that Soto was negligent in caring for her safety is a health care liability claim. *See Diversicare*, 185 S.W.3d at 851.

## C. HCU and Ramon Are Vicariously Liable

Finally, appellee argues that HCU and Ramon were vicariously liable for Soto's negligent acts or omissions. "However, Texas courts have clearly held that a plaintiff cannot circumvent the expert report requirement by artfully pleading her health care liability claim based upon the negligence of the health care provider as some other cause of action, such as vicarious liability." *Christus Spohn Health Sys. Corp. v. Sanchez*, 299 S.W.3d 868, 875 (Tex. App.—Corpus Christi 2009, pet. denied). Having already concluded that appellee's negligence claim against Soto is a health care liability claim, we likewise conclude that appellee's vicarious liability claim against HCU and Ramon, based on that same alleged conduct by Soto, falls under chapter 74. *See Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 543 (Tex. 2004); *Kidd*, 214 S.W.3d at 34–35; *Oak Park*, 206 S.W.3d at 140-41.

## D. Summary

All claims made by appellee in this case are health care liability claims. And because appellee failed to provide an expert report within 120 days from the filing of her original suit, we conclude that the trial court erred in denying appellants' motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a)-(b). Appellants' sole issue is sustained.

## IV. Conclusion

We reverse the trial court's denial of appellants' motion to dismiss, render judgment dismissing appellee's claims with prejudice, and remand for the determination of reasonable attorney's fees and costs owed to appellants. *See id.* § 74.351(b).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the
21st day of July, 2011.

8