

# NUMBER 13-14-00322-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CHRISTUS SPOHN HEALTH
SYSTEM CORPORATION
D/B/A CHRISTUS SPOHN
HOSPITAL CORPUS CHRISTI,                                    Appellant,

v.

JEANNE K. GOODHEW,                                          Appellee.

## On appeal from the County Court at Law No. 3
## of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Opinion by Justice Perkes

In this interlocutory appeal, appellant Christus Spohn Health System Corporation

d/b/a Christus Spohn Hospital Corpus Christi ("Christus") appeals the denial of its motion

to dismiss in a suit brought by appellee Jeanne K. Goodhew ("Goodhew").   By two

issues, Christus argues that the trial court erred in denying its motion to dismiss because: (1) Goodhew's claim requires an expert report pursuant to the Texas Medical Liability Act; and (2) Goodhew failed to timely serve the required expert report within the statutory deadline. We reverse and remand.

## I. BACKGROUND

Goodhew was recovering from hip surgery when she was taken for wound care treatment to the Christus Spohn Shoreline Wound Care Unit. After arriving at the wound care unit, Goodhew was evaluated by a nurse in preparation for a meeting with a doctor. Goodhew informed the nurse that she needed to use a restroom. After the nurse provided Goodhew with a walker, Goodhew made her way to the restroom without assistance. While attempting to use the restroom, Goodhew fell and was injured.

Goodhew filed suit against Christus on March 30, 2012 alleging premises liability, negligence per se, and gross negligence. She later non-suited her case and re-filed it on October 24, 2012, alleging the same causes of action included in her first lawsuit, but with the addition of a Texas Medical Liability Act (TMLA) claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001 (West, Westlaw through 2013 3d C.S.). Goodhew thereafter filed an amended petition alleging premises liability, TMLA claims, and violations of the Americans with Disabilities Act (ADA) and related Texas Accessibility Standards (TAS). *See* 42 U.S.C. § 12182(a). She served an expert report as required by the TMLA on Christus on November 5, 2012. *See id.* § 74.351.

Christus filed a motion to dismiss for Goodhew's failure to timely file an expert report. After initially granting Christus' motion to dismiss, the trial court subsequently

2

vacated its order granting the motion and entered another order denying the motion without explanation. This interlocutory appeal followed.

## II. HEALTH CARE LIABILITY CLAIMS

By its first issue, Christus asserts that Goodhew's claims are health care liability claims and therefore subject to the expert report requirement of the TMLA.

### A. Standard of Review

The denial of the motion to dismiss under the TMLA is generally reviewed for abuse of discretion. *See Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006); *Padre Behavioral Health Sys., LLC v. Chaney,* 310 S.W.3d 78, 80 (Tex. App.—Corpus Christi 2010, no pet.). However, when the issue involves the applicability of the TMLA to the plaintiff's claims and requires an interpretation of the statute, we apply a de novo standard of review. See *Tex. West Oaks Hosp., LP v. Williams,* 371 S.W.3d 171, 177 (Tex. 2012).

### B. Applicable Law

The TMLA and health care liability claims (HCLC) are codified under chapter 74 of the Texas Civil Practice and Remedies Code. An HCLC is:

> [a] cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13). Whether a case is an HCLC or not is determined by the nature of the acts or omissions causing the claimant's injuries. *See West Oaks*, 371 S.W.3d at 176. Statutory requirements cannot be circumvented by artful pleading. *Harris Methodist Fort Worth v. Ollie*, 342 S.W.3d 525, 527 (Tex. 2011) (citing

3

*Yamada v. Friend*, 335 S.W.3d 192, 196 (Tex. 2010)).

### C. Analysis

### 1. Premises Liability and Negligence Claims

Christus contends that Goodhew's claim amounts to an allegation of a breach of accepted standards of health care or safety because Christus failed to provide Goodhew with adequate assistance in the restroom.

In response, Goodhew alleges that Christus' failure to provide a safe restroom was the proximate cause of her injuries. She claims that the safety of the restroom is separate from the health care provided by Christus because she had not yet been seen by the doctor, walked to the restroom without nurse assistance, and used a common restroom open to the public. Goodhew argues that the only relationship between Christus's wrongful conduct and the rendition of medical services was the healthcare setting in which those services occurred.

In support of her argument, Goodhew cites *Losaiga v. Cerda*, 379 S.W.3d 248 (Tex. 2012). In *Losaiga*, two patients sued a doctor who allegedly groped their breasts during a routine examination. *See id.* at 253. The supreme court found a claim is not an HCLC where the only complained-of action was the unconsented-to offensive contact between doctor and patient, and the only possible relationship between the alleged offensive contact and the rendition of medical services or healthcare was the setting in which the act took place. *Id.* at 257. Goodhew claims that, like the alleged breast-groping in *Losaiga*, providing restroom facilities is separate conduct, unrelated to medical

care. Since the unrelated conduct caused her injuries, Goodhew concludes that her claim is not a health care liability claim.

Under the TMLA, "health care" is:

Any act or treatment performed or furnished, or that should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(10). The Texas Supreme Court examined this definition in *Harris Methodist Fort Worth v. Ollie*, where a patient sued a hospital for injuries suffered when she slipped and fell on a wet bathroom floor during her post-operative confinement. *See* 342 S.W.3d 525 (Tex. 2011). In deciding whether Ollie's safety-related claim was an HCLC, the Texas Supreme Court explained that "the essence of the claim center[ed] on the failure of [defendant] to act with the proper degree of care to furnish a dry floor, warn her of the hazards of a wet bathroom floor, or some similar failure to act." *Id.* at 527; *see also Garland Cmty. Hosp. v. Rose*, 156 S.W.3d 541, 543–44 (Tex. 2004) (explaining that court is not bound by manner in which plaintiff's pleadings characterize claim in determining whether claim is an HCLC). The court reasoned that a hospital's duty to safely meet the fundamental needs of its patients—cleanliness—falls under the definition of "health care." *See Ollie*, 342 S.W.3d at 527.

Goodhew attempts to distinguish *Ollie* by claiming that she was not a patient, and that her claim is similar to cases where a hospital *visitor* suffers injury. *See Doctors Hosp. at Renaissance, Ltd. v. Mejia*, No. 13–12–00602–CV, 2013 WL 4859592, at *3 (Tex. App.—Corpus Christi Aug.1, 2013, pet. filed) (mem. op.) (holding hospital visitor slip-and-fall accident was not an HCLC); *Methodist Healthcare Sys. of San Antonio, Ltd.,*

5

*LLP v. Dewey*, 423 S.W.3d 516, 520 (Tex. App.—San Antonio 2014, pet. filed) (holding claim of hospital visitor on crutches who fell when automatic entrance door to hospital closed on him was not an HCLC); *Weatherford Tex. Hosp. Co., LLC. v. Smart*, 423 S.W.3d 462, 468 (Tex. App.—Fort Worth 2014, pet. filed) (holding slip-and-fall claim brought by visitor to patient in hospital was not an HCLC). We disagree. In her response to Christus's motion to dismiss, Goodhew stated that she arrived at Christus for the purpose of receiving medical treatment and treatment. A nurse then evaluated Goodhew in preparation for Goodhew's meeting the doctor. We infer that the nurse's evaluation was for the purpose of furthering Goodhew's medical care and that Goodhew's relationship with Christus was as a patient.[1]

Similar to *Ollie*, the underlying nature of Goodhew's claim involves another fundamental need—using the restroom. Whether Christus uses employees to assist patients in using the restroom, or provides other safe means for patients to do so independently, providing access to a restroom is an "act. . . .that should have been performed or furnished, by [Christus], for, to, or on behalf of [Goodhew] during [Goodhew's] medical care, treatment, or confinement." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(10); *Ollie*, 342 S.W.3d at 527.

Despite casting her claims in the language of premises liability and negligence, Goodhew's pleadings show that the essence of her suit is a safety claim directly related to health care—Christus's failure to meet her fundamental needs. *See* TEX. CIV. PRAC.

---

[1] Further, the lack of a health care relationship between the claimant and the health care provider is not a barrier to the inclusion of a safety claim within the Legislature's definition of health care liability claims. *See Texas West Oaks Hosp. LP v. Williams*, 371 S.W.3d 171, 179 (Tex. 2012).

& REM. CODE ANN. § 74.001(a)(13); *Ollie*, 342 S.W.3d at 527; *Rose,* 156 S.W.3d 541, 543–44. Therefore, her premises liability and negligence claims are HCLCs.[2]

### 2. American's With Disabilities Act and Texas Accessibility Standards Claims

In addition to her premises liability and negligence claims, Goodhew pleaded that Christus violated the Americans with Disabilities Act (ADA) and the Texas Accessibility Standards (TAS)[3] in failing to provide a handicapped accessible restroom.

Title III of the ADA, which applies to public accommodations,[4] establishes the general rule that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a); *Johnson v. Gambrinus Co./Spoetzl Brewery*, 116 F.3d 1052, 1057 (5th Cir. 1997).

Goodhew first raised her ADA claims in her first amended petition, the live pleading in this case. She filed her first amended petition after Christus moved to dismiss the lawsuit. Specifically, Goodhew's first amended petition claims that "[t]he violation of the

---

[2] To the extent Goodhew argues that requiring an expert report would amount to an "exercise in futility," we disagree. As previously discussed, Goodhew's claim is directly related to health care. An expert report could determine, as Goodhew alleges in her pleadings, whether Christus's failure to provide Goodhew with an escort, knowing that Goodhew was unable to support herself without assistance, was a violation of appropriate standards of care.

[3] Texas Accessibility Standards (TAS) was promulgated by the Texas Commission of Licensing and Regulation and published by the Texas Department of Licensing and Regulation pursuant to the Architectural Barriers Act. *See* TEX. GOV'T CODE ANN. § 469.052 (West, Westlaw through 2013 3d C.S.) (assigning obligations related to adoption of standards and specifications); *Craig v. Beeville Family Prac., LLP*, No. 13–10–00405–CV, 2012 WL 1656492 *3, (Tex. App.—Corpus Christi, May 10, 2012, no pet.).

[4] Goodhew alleges that the restroom is located in the "wound care area" of the hospital. For the purposes of this analysis, we will presume that the restroom is publicly accessible.

ADA by [d]efendant removes this case from a chapter 74 healthcare claim." We disagree. This attempt at recasting her claim to remove it from the bounds of chapter 74 is expressly prohibited by the Texas Supreme Court. *See Yamada,* 335 S.W.3d at 195–96 (holding that where all claims arise from the same nucleus of operative fact, and some pleaded claims are HCLCs, then TMLA's procedural requirements must be followed or else all claims arising from the same fact scenario must be dismissed). As previously discussed, Goodhew's premises liability and negligence claims are HCLCs. Therefore, since all of Goodhew's claims arose from the same operative facts, she must follow the procedures of chapter 74. *See id.*

Furthermore, chapter 74 does not prevent Goodhew from pursuing her ADA claim in state court. *See Hyundai Motor Co. v. Alvarado*, 974 S.W.2d 1, 4 (Tex. 1998) (explaining that state law presents an actual conflict with federal law, and is preempted, when it is impossible for a private party to comply with both state and federal requirements or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.) The expert report requirement of chapter 74 is a substantive hurdle for frivolous medical liability suits. *Spectrum Healthcare Res., Inc. v. McDaniel*, 306 S.W.3d 249, 253 (Tex. 2010). In this case, requiring Goodhew to comply with the expert report requirements of chapter 74 does not prevent her from bringing her ADA claim; compliance with both state and federal law is possible. The expert report requirements of chapter 74 do not obstruct Goodhew's ADA claim which is subject to the procedural provisions of chapter 74. *See Tenet Hosp. Ltd. v. Boada*, 304 S.W.3d 528, 534 (Tex. App.—El Paso 2009, no pet.) (holding that plaintiff's Emergency Medical

8

Treatment and Active Labor Act claim was really a health care liability claim and therefore subject to procedural provisions of chapter 74); *Johnson v. Nacogdoches County Hosp. Dist.*, 109 S.W.3d 532, 536 (Tex. App.—Tyler 2001, no pet.) (holding same).

Because the underlying facts are encompassed by provisions of the TMLA in regard to Christus, all of Goodhew's claims against Christus based on those facts must be brought as health care liability claims. Application of the TMLA cannot be avoided by splitting claims into both health care liability claims and other types of claims. *See Yamada,* 335 S.W.3d at 194. We sustain Christus's first issue.

### III.   EXPERT REPORT

By its second issue, Christus claims the trial court erred in denying its motion to dismiss because Goodhew failed to serve an expert report within the 120-day deadline.

Specifically, section 74.351(a) provides that:

> In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a); *see Fulp v. Miller*, 286 S.W.3d 501, 506–07 (Tex. App.—Corpus Christi 2009, no pet.). If the claimant fails to serve an expert report on the defendant physician or health care provider within the period specified by subsection (a) of section 74.351, then, on the motion of the affected physician or health care provider, the trial court shall dismiss claimant's claim with prejudice and award reasonable attorney's fees and costs of court to the affected physician or health care provider. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b); *Chaney*, 310 S.W.3d at

9

85. The expert report period begins when the lawsuit is first filed, and does not restart if the case is later non-suited and refiled. *See CHCH Women's Hosp., L.P. v. Lidji*, 403 S.W.3d 228, 232 (Tex. 2013).

More than 120 days passed from the day Goodhew filed her first lawsuit and the day of her nonsuit. Dismissal of her case is required because Goodhew failed to comply with section 74.351. The trial court incorrectly denied Christus's motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b); *Lidji*, 403 S.W.3d at 232; *Chaney*, 310 S.W.3d at 85. We sustain Christus's second issue.

## IV. CONCLUSION

We reverse the trial court's denial of Christus's motion to dismiss and remand the case to the trial court with instructions to dismiss Goodhew's claims against Christus and consider Christus's request for attorney's fees and costs.

GREGORY T. PERKES
Justice

Delivered and filed the
19th day of March, 2015.