**Denied and Opinion filed February 12, 2026**



In The

# Fifteenth Court of Appeals

---

## NO. 15-25-00150-CV

---

## IN RE COLOSSUSBETS LIMITED; ROOK TX, LP; ROOK GP, LLC; QAWI AND QUDDUS, INC; LOTTERY NOW, INC.

---

**Original Proceeding from the Business Court Division 3A**
**Travis County, Texas**
**Trial Court Cause No. 25-BC03A-0007**

---

# OPINION

When a case is removed to the Business Court, can a plaintiff compel remand by nonsuiting all claims falling within that court's statutory jurisdiction? Or is removal a "one-way door" that when properly invoked, "no later fact or event can defeat the court's jurisdiction"[1]?

This is an important question, one that applies to many Business Court cases,

---

[1] *See Cont'l Coffee Products Co. v. Cazarez*, 937 S.W.2d 444, 449 (Tex. 1996) ("As a general rule, where jurisdiction is once lawfully and properly acquired, no later fact or event can defeat the court's jurisdiction.").

is not directly addressed in the rules governing the Business Court, and will occur repeatedly if not answered. Those considerations warrant mandamus review:

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.[2]

Accordingly, without hearing oral argument,[3] we deny the requested relief.

## Background

In this unusual case, the winner of one Lotto Texas jackpot blames the winner of a previous one for reducing his winnings. Plaintiff/Real Party Jerry Reed won $7.5 million in the Lotto drawing held on May 17, 2023. But he alleges the Relators, alleged as affiliated entities and individuals, "rigged" a drawing 26 days earlier by purchasing "nearly all 25.8 million number combinations," collecting $95 million, and substantially reducing subsequent jackpots like the one Reed later won. Reed alleged claims of money had and received, statutory violations of the State Lottery Act and related regulations,[4] and a string of derivative claims making all Defendants jointly and severally liable.

Two Defendants removed the case to the Business Court,[5] whose jurisdiction

---

[2]     *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004)

[3]     *See* TEX. R. APP. P. 52.8(b), (d).

[4]     *See* TEX. GOV'T CODE ch. 466 and 16 TEX. ADMIN. CODE ch. 140.

[5]     Defendants Rook TX, LP and Rook GP, LLC removed this case to the Business Court and opposed Reed's motions to remand. This petition was filed by Defendant ColussusBets Limited, one of the eleven Defendants who were parties in suit below, who were alleged to be jointly and severally liable, and who are bound by the remand order at issue. Reed recently informed us that he nonsuited his claims against ColossusBets. But the Rook parties and defendants Qawi and

includes actions "regarding the governance, governing documents, or internal affairs of an organization."[6] The Honorable Melissa Andrews, Judge of the Texas Business Court, Third Division initially denied remand, citing Reed's claims that (1) the entity claiming the prize was created for the unlawful purpose of rigging the lottery and concealing the identities of those involved; (2) the Defendants misrepresented that the entity claiming the prize was formed before the drawing was held when it was not; and (3) all Defendants were alleged to be "jointly and severally liable" for Reed's "financial injury."

To avoid remand, Reed amended his petition twice in the next two months, the last of which stated that he "expressly disclaims any allegation, legal theory, or request for relief" implicating the Business Court's jurisdiction. Eight minutes later, he filed a "Renewed Motion to Remand" citing his removal of "all allegations that would require adjudication of corporate governance, governing documents, or internal affairs." The Defendants conceded Reed had dropped all claims regarding the purpose and timing of corporate formation, but urged the court to retain the case based on its jurisdiction of trade regulation laws,[7] qualified transactions,[8] or supplemental jurisdiction.[9] Upon reconsideration, the Business Court rejected those alleged grounds for retaining the case in a detailed 19-page opinion, and remanded the case to the Travis County district court.

The question before us is not whether the court's legal analysis of Reed's slimmed-down claims was correct. Relator ColossusBets Limited waived that issue

---

Quddus, Inc. and Lottery Now, Inc. filed an unopposed motion to join this mandamus proceeding, which we granted. *See* Tex. R. App. P. 9.7.

[6]     Tex. Gov't Code § 25A.004(b)(2).

[7]     *See id*. § 25A.004(b)(3).

[8]     *See id*. § 25A.004(d)(1).

[9]     *See id.* § 25A.004(f).

in a footnote in its Petition (which all Relators have adopted) that assumes "for sake of argument that there is no independent basis for Business Court jurisdiction." Relators instead seek mandamus based "only on the procedural question whether jurisdiction, once exercised, can be lost." Relators argue that the Business Court's initial denial of remand cannot be reconsidered based on "a blatantly forum-shopping pleading amendment that sought to divest the court of jurisdiction."

## Analysis

### A.    Can the Business Court reconsider an order denying remand?

The general answer to Relators' question is clear: "A trial court's plenary jurisdiction gives it not only the *authority* but the *responsibility* to review any pre-trial order upon proper motion."[10] Absent a specific legal bar to reconsideration, this is inherent in the definition of a trial court's "plenary jurisdiction": "A court's full and absolute power over the subject matter and the parties in a case."[11] In Texas, that includes our lenient pleadings rules, which generally allow parties to amend their pleadings as often as they wish, and absent proof of surprise or a court scheduling order, they can do so until seven days before trial.[12] This rule is incorporated into the procedural rules applicable to the Business Court.[13]

Frequent reconsideration of prior orders is often unproductive, and particular laws or rules may limit reconsideration in special cases, though few actually do. The primary exception is an order granting or denying a motion to transfer venue; for the

---

[10]     *Downer v. Aquamarine Operators*, Inc., 701 S.W.2d 238, 241 (Tex. 1985) (emphasis added).

[11]     *See Plenary Jurisdiction*, BLACK'S LAW DICTIONARY (12th ed. 2024).

[12]     *See* TEX. R. CIV. P. 63.

[13]     *See id.* R. 352.

historical reasons we recently explained,[14] no reconsideration of such orders is allowed until a final appeal.[15] But the trend is strongly against hobbling trial courts with prior orders that trial judges may recognize were mistaken.

For example, for 50 years an order granting a new trial could not be "ungranted" after 45 days, an exception the Supreme Court ended in 2008, stating: "As with any other order, a trial court should be able to reconsider a new trial order as long as a case is still pending."[16] More recently, the Supreme Court held that in deciding whether an underlying suit was a health care liability claim, trial courts "should consider an amended petition" even if filed after the deadline for expert reports, because the statute "says nothing about whether or when a claimant can amend her pleadings," and "[o]ur rules generally permit parties to freely amend their pleadings" except "when our procedural rules prohibit such a filing.[17]

Relators argue that the recent adoption of Rule 355(f) impliedly bars reconsideration of a remand order from the Business Court, because its text authorizes motions to remand "based on *improper removal*," and requires remand if "the business court determines, on motion or its own initiative, that *removal was improper*."[18] Rook reasons that these two references to "improper removal" effectively bar remand in all other cases, including a removal that was initially *proper* as was the case here. But implying a negative rule from a positive statement

---

[14]     *See In re AstraZeneca Pharm. LP*, 2025 WL 3251532, at *3 (Tex. App.—15th Dist. 2025, orig. proceeding).

[15]     *See* Tex. R. Civ. P. 87(5), (6); *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259–60 (Tex. 2008) ("Team Rocket argues that only one venue determination may be made in a proceeding and that Texas Rule of Civil Procedure 87 specifically prohibits changes in venue after the initial venue ruling. We agree.").

[16]     *In re Baylor Med. Ctr. at Garland*, 280 S.W.3d 227, 228, 230–32 (Tex. 2008).

[17]     *Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 837, 839 (Tex. 2022).

[18]     *See* Tex. R. Civ. P. 355(f).

is risky, as the authors of laws, rules, and contracts often mean to address a specific case without prejudice to others. "[T]he force of any negative implication depends on context," and it "does not apply unless it is fair to suppose that the [authors] considered the unnamed possibility and meant to say no to it."[19]

Here, the rules do not say that remand was limited *exclusively* to improper removal. To the contrary, a parallel provision in the immediately preceding Rule 354 requires dismissal or transfer of a case filed directly in the Business Court if the court "determines, on a party's motion or its own initiative, that it does not have the authority to hear the action"—*regardless* of whether the initial filing was proper or not. Read in context, it would be unreasonable to construe these neighboring rules to require that once the Business Court loses statutory jurisdiction, it must dismiss *all* cases if they were properly filed there, but cannot dismiss *any* if they were properly removed there. We hold the Business Court had jurisdiction to reconsider its remand order.

## B. Construing the Rules to avoid fluctuating jurisdiction

Aside from the text, Relators argue that accepting "forum-shopping pleading amendments" would allow plaintiffs "to game themselves out of the Business Court." We recognize this concern. We recently declined to construe our own jurisdictional statute to allow jurisdiction to "fluctuate" between two appellate courts depending on whether the State opts in or out of a qui tam suit, as that would "lead to such an absurd result."[20]

The same concerns about jurisdictional manipulation apply to the Business Court's jurisdiction too. When state law gives parties a choice of litigation forums,

---

[19]     *Forest Oil Corp. v. El Rucio Land & Cattle Co., Inc.*, 518 S.W.3d 422, 429 (Tex. 2017).

[20]     *See In re Sanofi-Aventis U.S. LLC*, 711 S.W.3d 732, 737 (Tex. App.—15th Dist. 2025, orig. proceeding).

"that choice cannot be abused."[21] Here, for example, Reed did not withdraw his claims for "money had and received," the elements of which are that the plaintiff must show that "the defendant holds money which in equity and good conscience belongs to him."[22] Read too broadly, that could supplant virtually any claim that falls within the Business Court's jurisdiction, providing an escape hatch from that court if taken at face value.

But in his last amended petition, Reed removed that risk. He "expressly disclaim[ed] any allegation, legal theory, or request for relief" implicating the Business Court's jurisdiction. That representation cannot be taken back later. As the Supreme Court has held in several similar contexts, litigation conduct can create an implied waiver that cannot be revoked: "we clarify here that the universal test for implied waiver by litigation conduct is whether the party's conduct—action or inaction—clearly demonstrates the party's intent to relinquish, abandon, or waive the right at issue—whether the right originates in a contract, statute, or the constitution."[23] By disavowing claims within the Business Court's jurisdiction, we hold that Reed has impliedly waived those claims.[24]

---

[21]     *Perry Homes v. Cull*, 258 S.W.3d 580, 584 (Tex. 2008).

[22]     *See Plains Expl. & Prod. Co. v. Torch Energy Advisors Inc*., 473 S.W.3d 296, 302 (Tex. 2015).

[23]     *LaLonde v. Gosnell*, 593 S.W.3d 212, 219–20 (Tex. 2019) (certificate of merit); *see also In re Greyhound Lines, Inc*., 718 S.W.3d 250, 262 (Tex. 2025) (forum non conveniens); *In re Nationwide Ins. Co. of Am*., 494 S.W.3d 708, 712 (Tex. 2016) (contractual forum selection clause); *In re Universal Underwriters of Tex. Ins. Co*., 345 S.W.3d 404, 412 (Tex. 2011) (contractual appraisal rights); *Perry Homes v. Cull*, 258 S.W.3d 580, 597 (Tex. 2008) (arbitration).

[24]     In certain contexts, waiver also requires a showing of prejudice. *See LaLonde*, 593 S.W.3d at 219 & n.19 (arbitration and forum selection clauses). Even if that is the case here, (a question we do not address), allowing Reed to continue to add or delete pleadings to manipulate Business Court jurisdiction would prejudice Relators.

## Conclusion

The Business Court statute does not prevent parties from choosing what claims to file, even if that means forgoing certain business-related claims to avoid that court's reach. Relators are not harmed by Reed's decision to abandon some of his claims as the cost of returning to Travis County district court. But state law does not reward artful pleading.[25] Pleadings are construed by their substance, not their form,[26] and "statutory requirements cannot be circumvented by artful pleading."[27]

We agree with the steps taken here to ensure that remand based on the current petition not be undone after remand, thereby inviting a new removal,[28] which might keep this case bouncing back and forth. The Legislature mandated "prompt, efficient, and final determination of business court jurisdiction on the filing of an action in the business court."[29] That purpose and promise requires bright lines and firm standards that leave no room for ambiguous pleading. Because that is not the case here, we deny Relators' petition.

---

[25]     *See Pitts v. Rivas*, 709 S.W.3d 517, 525 (Tex. 2025) ("[T]he law should not reward artful pleading. Where possible, courts should look to the gravamen or underlying nature of the claim and apply the law accordingly." (internal citation and footnote omitted)); *Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005) ("We reaffirm that a claimant cannot escape the Legislature's statutory scheme by artful pleading.").

[26]     *George Fleming & Fleming & Assocs., L.L.P. v. Wilson*, 694 S.W.3d 186, 193 (Tex. 2024) ("We generally accord relief to litigants not on form, after all, but on substance[.]"); *Brumley v. McDuff*, 616 S.W.3d 826, 833 (Tex. 2021) ("In short, we examine the substance of a plaintiff's petition—not its form—to determine whether it states a trespass-to-try title action.").

[27]     *Harris Methodist Fort Worth v. Ollie*, 342 S.W.3d 525, 527 (Tex. 2011).

[28]     *See* TEX. R. CIV. P. 355(c)(2)(A) (providing for notice of removal "within 30 days after the date the party requesting removal of the action discovered, or reasonably should have discovered, facts establishing the business court's authority to hear the action").

[29]     TEX. GOV'T CODE § 25A.0041(a).

/s/    Scott A. Brister

Scott A. Brister

Chief Justice

Before Chief Justice Brister and Justices Field and Farris.